IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO.: 3:19-cv-301

GERBER NATIONAL CLAIM
SERVICES, LLC,

        Plaintiff,

v.

CAROLINA TECHNOLOGY
EXCHANGE, LLC, and BLUEVINE
CAPITAL, INC.,

        Defendants/Claimants.

## VERIFIED COMPLAINT IN INTERPLEADER

Plaintiff Gerber National Claim Services, LLC ("Gerber"), pursuant to 28 U.S.C. § 1335, alleges the following:

### NATURE OF CLAIM

1. Gerber brings this Interpleader Complaint seeking the Court's assistance in determining a fair, equitable and just distribution of $38,117.63 (the "Disputed Funds"). The Disputed Funds are under Gerber's control but are not for Gerber's benefit. The Disputed Funds are the subject of competing and mutually exclusive claims, asserted by the Defendants/Claimants that threaten to expose Gerber to inconsistent findings and judgments of liability.

### PARTIES

2. Interpleader Plaintiff Gerber is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Schaumburg, Illinois.

3. Defendant Carolina Technology Exchange, LLC ("CTE") is a limited liability

corporation organized under the laws of the state of North Carolina, with its principal place of business in Charlotte, North Carolina. While working with Gerber, CTE has done business under various other names, including but not limited to, JMC Auto Glass and Right Auto Glass.

4. Defendant BlueVine Capital, Inc. ("BlueVine") is a corporation organized under the laws of the state of Delaware, with its principal place of business in Redwood City, California.

## JURISDICTION AND VENUE

5. This is an Interpleader action brought pursuant to 28 U.S.C. § 1335.

6. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1335 for the following reasons:

   a. The Defendants/Claimants have adverse and competing claims in excess of $500.00 against assets controlled by Gerber;

   b. At least two or more adverse claimants are citizens of different states; and

   c. With an appropriate order from this Court, Gerber shall deposit into the registry of the Court the full and total amount of the Disputed Funds.

7. This Court has personal jurisdiction over each Defendant because Federal Rule of Civil Procedure 4(k)(1)(C) provides that serving a summons establishes personal jurisdiction over a defendant when authorized by federal statute, and 28 U.S.C. § 2361 authorizes nationwide service of process in statutory interpleader actions under 28 U.S.C. § 1335. *See Great W. Cas. Co. v. Fredrics*, No. 1:10-cv-267, 2010 WL 4818010, at *2, 2010 U.S. Dist. LEXIS 127701, at *5 (W.D.N.C. Nov. 22, 2010) ("[S]ection 2361 allows nationwide service of process, and thus permits the exercise of personal jurisdiction over any claimant who has established contacts anywhere in the United States, even if that claimant does not have minimum contacts with the

forum state in which the federal interpleader court sits." (internal quotation marks and citation omitted)).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because one or more Claimants/Defendants reside in this district and are subject to the Court's personal jurisdiction.

**FACTS**

9. The allegations set forth in paragraphs 1 through 8 are realleged and reincorporated as if fully set forth herein.

10. On May 25, 2016, Gerber and CTE executed a "Member Participation Agreement," (the "Agreement") by which CTE agreed to perform work as an independent contractor for Gerber. Under Section N of the Agreement, "[CTE] may not assign any or all of its rights hereunder, including the right to receive money." A true and correct copy of the Agreement is attached as Exhibit A.

11. On November 20, 2018, Gerber received an email from BlueVine stating that CTE had assigned its right to be paid under the Agreement to BlueVine. Attached to that email was a purported Notice of Assignment. This Notice merely stated that CTE had assigned its rights under the Agreement to BlueVine. The Notice did not include any documents verifying the assignment. A true and correct copy of the Notice of Assignment is attached as Exhibit B.

12. Also on November 20, 2018, Gerber Accounts Receivable/Accounts Payable Senior Specialist Judy Pryka responded to BlueVine that the request was "Invoiced received and proceeded." In response to a subsequent email from BlueVine on the same day, Ms. Pryka also "confirmed we can update the remit address" as of November 23, 2018.

13. On March 14, 2019, Art Omega, Manager at BlueVine, emailed Ms. Pryka to "follow up on the Notification . . . sent back in November." Mr. Omega indicated that BlueVine was not receiving payments for CTE and wanted to ensure the assignment was set up.

14. On March 18, 2019, Ms. Pryka responded to Mr. Omega that Gerber's system had "all remittance going to BlueVine."

15. On April 8, 2019, Mr. Omega emailed Ms. Pryka indicating that BlueVine was still not receiving payments, and Ms. Pryka responded that she had updated the address to which payments were being sent.

16. On April 19, 2019, Anson Wu, Senior Portfolio Analyst at BlueVine, sent an email to Ms. Pryka indicating that BlueVine had a perfected UCC-1 lien filed against CTE. Mr. Wu also attached the same notice of assignment that was sent on November 20, 2018. A true and correct copy of this second Notice of Assignment is attached as Exhibit C.

17. On April 25, 2019, Michael Miller, Senior Enterprise Underwriting Manager at BlueVine emailed Ms. Pryka. Mr. Miller stated that he was "[f]ollowing up on the correspondence from Anson Wu." Mr. Miller further stated that he "highly recommend[s] that—at a minimum—you freeze payments to Carolina Technology Exchange until your legal team has had the opportunity to research" its obligations.

18. On May 8, 2019 Mark Flasch, General Manger at Gerber, contacted Jonathan Clayton, who upon information and belief, is believed to be an Owner of CTE, about the information received from BlueVine. The following day, Mr. Clayton responded that CTE had "cancelled" its relationship with BlueVine in February and that Gerber should not pay BlueVine.

19. On May 9, 2019, Ms. Pryka contacted Mr. Miller at BlueVine seeking additional evidence of the assignment. Mr. Miller responded by providing a copy of the perfected UCC-1

4

lien, as well as an "Invoice and Purchase Security Agreement" between CTE and BlueVine dated November 13, 2018. Upon information and belief, this was the first time that Gerber received copies of these documents. Mr. Miller also insisted that BlueVine's agreement with CTE had not been terminated and that BlueVine was the correct entity to receive payment. A true and correct copy of the above-referenced email traffic between Gerber and BlueVine, redacted for attorney-client privilege, is attached as Exhibit D. Additionally, true and correct copies of the UCC notice and the "Invoice and Purchase Security Agreement," are attached as Exhibits E and F, respectively.

20. As BlueVine suggested, Gerber began withholding payment to CTE. Up until that point, Gerber had continued to pay CTE directly. After receiving the UCC notice and the "Invoice Purchase Security Agreement," however, Gerber needed to evaluate how to best resolve the competing claims. The first invoice Gerber withheld payment from was dated April 2, 2019 and became payable on May 2, 2019. Accordingly, after May 1, 2019, Gerber has withheld payment on all invoices from CTE.[1] As of the date of this filing, Gerber's accounts payable to CTE reflects a balance of $38,117.63, which is how Gerber determined the amount of the Disputed Funds. A true and correct copy of Gerber's accounts payable report, including interest calculated through the day of filing, is attached as Exhibit G.

21. On June 6, 2019, Gerber received a notice from CTE's counsel that Gerber owed CTE a total of $42,893.23. CTE did not include any documentation to support its calculation of the amount owed. Accordingly, Gerber stands by its accounts payable report and understands the amount in dispute to be $38,117.63. The letter from CTE's counsel stated that payment was not subject to any agreement with BlueVine and should be paid to CTE. The letter also said that if

---

[1] One payment of $250.00 was inadvertently made to CTE on June 5, 2019. If the Court feels it is appropriate to increase the amount of the Disputed Funds by $250.00 to account for this payment, Gerber does not object.

payment was not received by July 1, 2019, CTE would "seek all remedies available under law." A true and correct copy of this letter is attached as Exhibit H.

22. On June 11, 2019, Gerber received a notice from BlueVine's counsel. BlueVine demanded payment of all sums due to CTE. The letter said that collection of these sums was "subject to escalating litigation efforts." A true and correct copy of this letter is attached as Exhibit I.

23. The Disputed Funds, plus any applicable interest, represent the total funds still under Gerber's control that are due under the Agreement to CTE. Any additional funds that were previously due under the Agreement were already paid to CTE and are no longer under Gerber's control.

## COUNT ONE
## Statutory Interpleader Pursuant to 28 U.S.C. § 1335

24. The allegations of paragraphs 1 through 23 are realleged and reincorporated as if fully set forth herein.

25. As demonstrated by the correspondence and conduct of the Defendants/Claimants set forth above, rival and conflicting claims exist against the Disputed Funds.

26. Gerber is willing to transfer the Disputed Funds to the appropriate recipient. However, having been confronted with adverse and rival claims, Gerber is unable to determine the fair and equitable allocation of the Disputed Funds between the Defendants/Claimants.

27. Gerber is unable to make payments to one Claimant without the risk of depleting available proceeds for the other Claimant and subjecting itself to asserted claims by the Defendants/Claimants.

28. Without resolution of the Defendants/Claimants' claims through statutory interpleader, Gerber may be exposed to inconsistent findings and judgments, as well as the

unnecessary and inefficient burden of costs, fees, and expenses in defending multiple lawsuits because of the conflicting claims for the Disputed Funds.

29. It is in the best interest of all parties that Gerber tender the Disputed Funds into the Court Registry and allow the Defendants/Claimants to seek judicial determination as to the proper allocation of the funds.

30. Gerber requests that the Court discharge Gerber from liability to any and all Defendants/Claimants for claims arising out of the allocation of the Disputed Funds.

31. Gerber further requests that the Court determine and declare an allocation of the Disputed Funds among the Defendants/Claimants.

32. Gerber stands ready, willing, and able to deposit the Disputed Funds, plus any applicable interest, with the Clerk of Court for deposit into the Court Registry upon an appropriate order from the Court and pending the Court's final judgment directing disposition of these funds.

## PRAYER FOR RELIEF

WHEREFORE, Gerber requests as follows:

1. That the Court authorize and direct Gerber to transfer the Disputed Funds, plus any applicable interest, to the Clerk of Court for deposit into the Court Registry;

2. That the Court enter an order, pursuant to 28 U.S.C. § 2361, enjoining Defendants/Claimants from issuing any further instructions or instituting any proceeding that could affect the Disputed Funds;

3. That the Court issue process as directed by 28 U.S.C. § 2361 and direct nationwide service of process of the Complaint, Summons, and Order on Gerber's Motion for

Restraining Order and Service of Process by United States Marshals located within the districts in which each Defendant/Claimant resides;

4. That the Court determine a fair, equitable, and just distribution of the Disputed Funds between and among the Defendants/Claimants;

5. That the Court release and discharge Gerber from all liability with respect to claims arising out of the Disputed Funds;

6. That the Court award Gerber its costs and fees as allowed by law;

7. That the Court award such other and further relief as the Court deems just and proper.

This the 27th day of June, 2019.

**WOMBLE BOND DICKINSON (US) LLP**

By: /s/ Johnny M. Loper
Johnny M. Loper, N.C. State Bar No. 15533
555 Fayetteville Street, Suite 1100
Raleigh, NC  27601
Telephone:  (919) 755-2116
Facsimile:  (919) 755-6056
Email:  Johnny.Loper@wbd-us.com

*Counsel for Plaintiff in Interpleader Gerber National Claim Services, LLC*

# VERIFICATION

The undersigned, first being duly sworn, deposes and says that he is General Manager of Gerber National Claims Service, LLC, the Plaintiff in Interpleader in the above-captioned civil action; that he has read the foregoing Verified Complaint; that the facts stated in the foregoing Verified Complaint are true to the best of his knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters, he is informed and believes them to be true.

_____  6/26/19
Mark Flasch                     Date

State of Illinois
County of ____IL____.

Signed and sworn before me on this 26 day of June, 2019, by Mark Flasch.

_____
Notary Public

```
JOHN ORTIZ
Official Seal
Notary Public - State of Illinois
My Commission Expires Dec 6, 2020
```

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was filed electronically with the Clerk of Court using CM/ECF system with notice of case activity to be generated and sent electronically by the Clerk of Court to the following parties registered to receive such service:

N/A

And was served upon all other parties by deposit in the United States Mail, postage prepaid, addressed as follows:

Christopher D. Layton
The Layton Law Firm
2701 Coltsgate Road, Suite 210
Charlotte, NC 28211

*Counsel for Defendant/Claimant Carolina Technology Exchange, LLC*

| | |
|---|---|
| The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801<br><br>*Registered agent for*<br>*Defendant/Claimant BlueVine Capital, Inc.* | *Additional copy sent to:*<br>BlueVine Capital, Inc.<br>c/o Aman Sidhu, Legal Counsel<br>401 Warren Street, Suite 300<br>Redwood City, CA 94063 |

This the 27th day of June, 2019.

**WOMBLE BOND DICKINSON (US) LLP**

By: /s/ Johnny M. Loper
Johnny M. Loper, N.C. State Bar No. 15533
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2116
Facsimile: (919) 755-6056
Email: Johnny.Loper@wbd-us.com

*Counsel for Plaintiff in Interpleader Gerber National Claim Services, LLC*