UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00301-FDW-DCK

GERBER NATIONAL CLAIM SERVICES, LLC,

    Plaintiff,

vs.

CAROLINA TECHNOLOGY EXCHANGE, LLC and BLUEVINE CAPITAL, INC.,

    Defendants/Claimants.

ORDER

THIS MATTER is before the Court on Interpleader Plaintiff Gerber National Claim Services, LLC's ("Gerber") Motion for Order Directing the Deposit of Funds into the Court Registry (Doc. No. 3) and Motion for Restraining Order and Service of Process Authorized by 28 U.S.C. § 2361 (Doc. No. 5).

BACKGROUND

On June 27, 2019, Gerber initiated this statutory interpleader action, seeking this Court's assistance pursuant to 28 U.S.C. § 1335 in determining the fair, equitable, and just distribution of $38,117.63 under Gerber's control. (Doc. No. 1). In the Complaint, it is alleged that in May 2016, Gerber and Carolina Technology Exchange, LLC ("CTE")[1] executed a "Member Participation Agreement" (the "Agreement") by which CTE agreed to perform work as an independent contractor for Gerber. Section N of the Agreement provided that "[CTE] may not assign any or all its rights hereunder, including the right to receive money." Id. at ¶ 10.

---

[1] It is alleged in the Complaint that CTE is a limited liability corporation organized formed and existing under the laws of the state of North Carolina. Id. at ¶ 3.

1

On November 20, 2018, Gerber received an email, along with an attached purported Notice of Assignment, from BlueVine Capital, Inc. ("BlueVine")[2] stating that CTE had assigned its rights to be paid under the Agreement to BlueVine. Id. at ¶ 11. Judy Pryka, Gerber Accounts Receivable/Accounts Payable Senior Specialist, responded that same day to BlueVine that the request was "[i]nvoiced received and proceeded" and also "confirmed that we can update the remit address" as of November 23, 2018. Id. at ¶ 12. On March 14, 2019, Art Omega, BlueVine Manager, emailed Ms. Pryka indicating that BlueVine was not receiving payments from CTE and seeking assurances that the assignment was set up. Id. at ¶ 113. Ms. Pryka responded on March 18, 2019, and informed Mr. Omega that Gerber's system had "all remittance going to BlueVine." Id. at ¶ 14. On April 8, 2019, Mr. Omega emailed Ms. Pryka again to inform her that BlueVine was still not receiving payments, and Ms. Pryka responded that she had updated the address where payments were being sent. Id. at ¶ 15. On April 19, 2019, Anson Wu, Senior Portfolio Analysist at BlueVine, sent an email, along with the Notice of Assignment, to Ms. Pryka indicating that BlueVine had perfected a UCC-1 lien filed against CTE. Id. at ¶ 16. Michael Miller, Senior Enterprise Underwriting Manager at BlueVine, sent a follow up email to Ms. Pryka and stated that he "highly recommend that—at a minimum—you freeze payments to [CTE] until [Gerber's] legal team has had the opportunity to research its obligations." Id. at ¶ 117.

On May 8, 2019, Mark Flasch, General Manager at Gerber, contacted Jonathan Clayton, who upon information and belief is believed to be an Owner at CTE, about the information received from BlueVine. Id. at ¶ 18. Mr. Clayton responded on May 9, 2019, that CTE had "cancelled" its relationship with BlueVine in February and that Gerber should not pay BlueVine. Id. That day, Ms. Pryka contacted Mr. Miller at BlueVine seeking additional evidence of the

---

[2] It is alleged in the Complaint that BlueVine is a corporation organized under the laws of the state of Delaware with its principal place of business in California. Id. at ¶ 4.

assignment.  Id. at ¶ 19.  Mr. Miller responded by providing a copy of the perfected UCC-1 lien and "Invoice and Purchase Security Agreement" between CTE and BlueVine dated November 13, 2018 and insisted that BlueVine's agreement with CTE had not been terminated and that BlueVine was the correct entity to receive payment.[3]  Id.  As suggested by BlueVine, Gerber began withholding payment to CTE after May 1, 2019.[4]  As of the date of the filing, Gerber avers that it has withheld $38,117.63.  Id. at ¶ 20.

On June 6, 2019, Gerber received notice from CTE's counsel that Gerber owes CTE $42,893.23 in withheld payables and that payment was not subject to any agreement with BlueVine.[5]  Id. at ¶ 21.  CTE also warned that if payment was not received by July 1, 2019, CTE would "seek all remedies available under law."  Id. at ¶ 21.  On June 11, 2019, Gerber received notice from BlueVine's counsel demanding payment of all sums due to CTE and warned that collection of these sums was "subject to escalating litigation efforts."  Id. at ¶ 22.

Gerber now seeks leave to pay the Court the Disbursed Funds ($38,117.63) pursuant to statutory interpleader.  (Doc. No. 3).  Gerber also moves for an Order restraining the Defendants/Claimants from initiating or pursuing any proceeding that would affect the Disputed Funds, and it seeks national service of process pursuant to 28 U.S.C. § 2361.  (Doc. No. 5).

DISCUSSION

Federal district courts have original jurisdiction over a civil action for interpleader filed by any person or entity having in its possession five hundred dollars or more if (1) two or more adverse claimants of diverse citizenship may claim to be entitled to the money and (2) the money has been

---

[3] It is alleged in the Complaint, upon information and belief, that May 9, 2019 was the first time it received copies of these documents.  Id. at ¶ 19.
[4] According to the Complaint, one payment of $250.00 was inadvertently made to CTE on June 5, 2019.  Id. at ¶ 20 n. 1.
[5] According to the Complaint, CTE has not provided any documentation to support of its calculation of the amount owed.  Id. at ¶ 21.  Gerber disputes this amount.  Id.

3

paid to the court. 28 U.S.C. § 1335(a). An action for statutory interpleader is "an equitable remedy designed to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund." Security Ins. Co. of Hartford v. Arcade Textiles, Inc., 40 F. App'x 767, 769 (4th Cir. 2002).

Here, Gerber has alleged that the Defendants/Claimants have adverse and competing claims in excess of $500.00 against assets controlled by Gerber. Specifically, Gerber has alleged that it holds $38,117.63 in Disputed Funds, and that the Defendants/Claimants have asserted adverse and competing claims to such funds. Gerber has also alleged that at least two of the adverse Defendants/Claimants are citizens of different states. Namely, Gerber has alleged that CTE is a citizen of North Carolina and BlueVine is a citizen of Delaware and California. Finally, the Plaintiff stands ready to deposit into the registry of the Court the full and total amount of the Disputed funds, to wit, $38,117.63. Accordingly, the Court concludes that the jurisdictional requirements of § 1335(a) are satisfied.

If the Court determines interpleader to be proper, consistent with 28 U.S.C. § 2361, the Court "*may* issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument[,] or obligation involved in the interpleader action until further order of the court." 28 U.S.C. § 2361 (emphasis added). Section 2361 "allows nationwide service of process, and thus permits the exercise of personal jurisdiction over any claimant who has established contacts anywhere in the United States, even if that claimant does not have minimum contacts with the forum state in which the federal interpleader court sits." Great W. Cas. Co. v. Fredrics, No. 1:10-CV-267, 2010 WL 4818010, at *2 (W.D.N.C. Nov. 22, 2010) (citation omitted). In the exercise

4

of this Court's discretion, the Court denies Gerber's motion for a restraining order and grants Gerber's motion for service of process.

CONCLUSION

IT THEREFORE ORDERED:

1. Interpleader Plaintiff's Motion for Order Directing the Deposit of Funds into the Court Registry (Doc. No. 3) is hereby GRANTED. No later than fourteen (14) days from entry of this Order, the Plaintiff shall deliver to the Clerk of Court for the Western District of North Carolina payment of $38,117.63, plus any applicable interest, representing the total amount of Disputed Funds subject to adverse claims described in the Complaint. Said funds shall be deemed Disputed Ownership Funds ("DOF") in accordance with Local Civil Rule 67.1 and the applicable IRS definition.

2. In accordance with the provisions of Local Civil Rule 67.1, the Clerk of this Court shall receive and deposit said funds in an interest-bearing account or invest said funds in a court-approved, interest-bearing instrument, subject to further Order of this Court.

3. Interpleader Plaintiff's Motion for Restraining Order and Service of Process Authorized by 28 U.S.C. § 2361 (Doc. No. 5) is GRANTED in part and DENIED in part. Service of process of the Summons and Complaint as well as this Order shall be accomplished pursuant to 28 U.S.C. § 2361 by the United States Marshals for the respective districts where the Defendants/Claimants reside. Return of proof of service of process shall be made by each United States Marshal by affidavit in the manner required by Federal Rule of Civil Procedure 4(l)(1).

IT IS SO ORDERED.

Signed: July 2, 2019

Frank D. Whitney
Chief United States District Judge